Paul R. Cort, State Bar No. 184336
Earthjustice
50 California Street
San Francisco, CA 94111
Tel: 415-217-2000
Fax: 415-217-2040
pcort@earthjustice.org

Seth L. Johnson, *Pro Hac Vice*
Isabel Segarra Trevino, *Pro Hac Vice*
Earthjustice
1625 Massachusetts Ave., NW, Ste. 702
Washington, DC 20036
sjohnson@earthjustice.org
isegarra@earthjustice.org
Tel: 202-667-4500/Fax: 202-667-2356

*Counsel for Plaintiffs Center for Biological Diversity and Sierra Club*

[additional counsel listed in signature block]

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY and SIERRA CLUB, <br><br> *Plaintiffs,* <br><br> v. <br><br> ANDREW R. WHEELER, in his official capacity as Administrator, United States Environmental Protection Agency, <br><br> *Defendant.* | Case No.: 3:19-cv-2462-RS <br><br> **JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER** |

Pursuant to Civil L.R. 16-9, the Standing Order for All Judges of the Northern District of California (effective November 1, 2018), this Court's Civil Standing Order – General, and the Court's Order of July 10, 2019 (Dkt. No. 16), Plaintiffs Center for Biological Diversity and Sierra Club (collectively, "Plaintiffs"), and Defendant Andrew R. Wheeler, in his official capacity as Administrator of the United States Environmental Protection Agency ("EPA"), jointly submit this Joint Case Management Statement and Proposed Order.

1. Jurisdiction & Service

This case is brought under the citizen suit provision of the Clean Air Act, 42 U.S.C. § 7604(a)(2), to compel mandatory actions by EPA that Plaintiffs allege are unlawfully overdue. Plaintiffs allege that this Court has jurisdiction over Plaintiffs' claims pursuant to 42 U.S.C. § 7604 and 28 U.S.C. §§ 1331 and 1361. Plaintiffs' position is that Plaintiffs have alleged and are prepared to prove all facts necessary to show they have Article III standing. EPA has not formed a view regarding whether Plaintiffs have standing because it lacks knowledge or information sufficient to form a belief with respect to the veracity of Plaintiffs' standing allegations.

EPA has been served.

2. Facts

This is a citizen suit to enforce statutory mandates under the Clean Air Act that require EPA to take certain regulatory actions as part of implementing the 2008 National Ambient Air Quality Standards ("NAAQS") for ozone. Compl. ¶ 1. Plaintiffs allege EPA failed to timely comply with its deadline for determining whether 12 areas of the country that were designated as "nonattainment" for ozone and classified as "moderate" under the 2008 NAAQS timely attained the standards. *Id.*; *see* 42 U.S.C. § 7511(b)(2)(A). The areas at issue in this case are Imperial County, CA; Mariposa County, CA; Nevada County (Western part), CA; San Diego County, CA; Phoenix-Mesa, AZ; Baltimore, MD; Chicago-Naperville, IL-IN-WI; Dallas-Fort Worth, TX; Greater Connecticut, CT; Houston-Galveston-Brazoria, TX; New York-N. New Jersey-Long Island, CT-NJ-NY; and Sheboygan County, WI. Compl. ¶ 5. The attainment deadline for the 12 areas was July 20, 2018. *Id.* ¶ 3. The Clean Air Act further requires EPA to publish notice in the Federal Register identifying each area that EPA has determined under the Act as having failed to

attain 2008 NAAQS for ozone and identifying the reclassification, if any, described in the Act six months from the attainment deadline, *i.e.*, by January 20, 2019. 42 U.S.C. § 7511(b)(2)(B). Plaintiffs allege EPA failed to timely comply with that duty, as well. Compl. ¶ 5.

At the time Plaintiffs filed the Complaint, EPA had not taken final action with respect to the 12 areas identified in the Complaint. On August 7, 2019, however, EPA took final action for 10 of the 12 areas identified in the Complaint: (1) Mariposa County, CA; (2) Nevada County (Western part), CA; (3) San Diego County, CA; (4) Baltimore, MD; (5) Chicago-Naperville, IL-IN-WI; (6) Dallas-Fort Worth, TX; (7) Greater Connecticut, CT; (8) Houston-Galveston-Brazoria, TX; (9) New York-N. New Jersey-Long Island, CT-NJ-NY; and (10) Sheboygan County, WI. 84 Fed. Reg. 44,238 (Aug. 23, 2019).

Of the two remaining areas, Imperial County, CA, and Phoenix-Mesa, AZ, to date, EPA has neither proposed action nor taken and published in the Federal Register notice of final action regarding Imperial County, CA, and EPA proposed to determine that the Phoenix-Mesa, AZ, ozone nonattainment area attained the 2008 ozone standard by its moderate area attainment date of July 20, 2018. 84 Fed. Reg. 27,566 (June 13, 2019).

3. Legal Issues

The parties do not dispute that EPA took on August 7, 2019, and published in the Federal Register on August 23, 2019, notice of final action regarding 10 of the 12 areas identified in the Complaint. The parties also do not dispute that EPA has failed to take final actions required under 42 U.S.C. § 7511(b)(2)(A) and (B) for Imperial County, CA, and Phoenix-Mesa, AZ. The parties anticipate that the only legal dispute will be the appropriate remedy—the schedule for EPA to complete its mandatory duties—for the Imperial County, CA and Phoenix-Mesa, AZ areas.

4. Motions

Counsel for EPA will shortly submit a joint request for counsel for all parties to appear at the initial case management conference by telephone.

To allow the parties to assess whether to engage in settlement discussions, and—if so—to engage in such discussions, the parties stipulated to, and the Court so-ordered, an enlargement in

EPA's time to answer and to continue the previously scheduled case management conference and associated deadlines. Dkt. No. 16. EPA has not yet decided whether to engage in settlement discussions. Plaintiffs intend to file a motion for summary judgment regarding the schedule for EPA action regarding Imperial County, CA, and Phoenix-Mesa, AZ, if settlement negotiations do not begin shortly or if they become protracted under the circumstances of this case.

The Court previously granted motions for *pro hac vice* admission for Plaintiffs' counsel Seth L. Johnson and Isabel Segarra Trevino.

5. Amendment of Pleadings

At this time, Plaintiffs do not anticipate amendment of pleadings, though they reserve the right to revisit the question of amendment.

6. Evidence Preservation

The parties have reviewed this Court's Guidelines for the Discovery of Electronically Stored Information and have met and conferred regarding this matter. The parties do not believe a plan for evidence preservation is needed at this time.

7. Disclosures

The parties do not believe that initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) are required at this time. The parties agree that discovery is not necessary at this time, but the parties reserve their rights to seek discovery on the question of the appropriate remedy and Plaintiffs' costs of litigation, if any.

8. Discovery

The parties expect that the anticipated motion for summary judgment will resolve all outstanding issues in this case without the need for trial. The parties agree that discovery is not necessary at this time and therefore have not developed or agreed to any discovery plan or requested a discovery order at this time. The parties reserve their rights to seek discovery on the question of the appropriate remedy and Plaintiffs' costs of litigation, if any.

9. Class Actions

This case is not a class action.

10. Related Cases

There are no related cases.

11. Relief

Plaintiffs intend to seek declaratory relief that EPA is in violation of its mandatory duties described above regarding Imperial County, CA, and Phoenix-Mesa, AZ, and a Court order compelling EPA to perform these mandatory duties by dates certain. Plaintiffs do not seek any damages, but if they prevail, they may, in accordance with the applicable law, seek costs of litigation, including expert and attorneys' fees.

12. Settlement and ADR

EPA has not yet determined whether to engage in settlement discussions in this case but expects to come to a decision soon. Plaintiffs seek an expeditious deadline for EPA to correct its ongoing noncompliance with mandatory Clean Air Act obligations, and wish this case to proceed to resolution without unnecessary delay. Plaintiffs are willing to consider a settlement offer if doing so will not unreasonably delay relief.

The parties have filed ADR certifications. Dkt. Nos. 17, 18. Counsel spoke by phone about ADR on August 20, 2019. As the parties have litigated and resolved a number of similar cases in the past, the parties do not currently believe that ADR will be helpful.

13. Consent to Magistrate Judge for All Purposes

Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment. ___ Yes ☒ No

14. Other References

The parties agree that this action is not suitable for reference to binding arbitration, a special master, or the judicial panel on multidistrict litigation.

15. <u>Narrowing of Issues</u>

The parties do not believe that there is any potential to further narrow the disputed issues, except to the extent that EPA takes final action and publishes notice of it in the Federal Register regarding either of the remaining two areas subject to dispute in this case.

16. <u>Expedited Trial Procedure</u>

The parties agree that this is not the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A.

17. <u>Scheduling</u>

The Initial Case Management Conference is set for Thursday, September 12, 2019 at 10:00 a.m. All counsel seek to appear by telephone. Plaintiffs request that the Court enter the following briefing schedule. If EPA determines that it will engage in settlement discussions, the parties will promptly request an appropriate continuance of this briefing schedule to allow for settlement negotiations.

| <u>Deadline</u> | <u>Due Date</u> |
|---|---|
| Plaintiffs' Motion for Summary Judgment | September 19, 2019 |
| EPA's Opposition to Plaintiffs' Motion for Summary Judgment | November 4, 2019 |
| Plaintiffs' Reply in Support of Motion for Summary Judgment | November 22, 2019 |
| Hearing | TBD |

18. <u>Trial</u>

The parties agree that instead of a trial the case can be decided on a motion for summary judgment.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>

On May 7, 2019, Plaintiffs filed their Certification of Interested Entities or Persons (Dkt. No. 5). At that time, they indicated that they were not aware of any interested entities or persons, other than the named parties, and that remains true. Defendant, as an individual named in his

official capacity as head of a government agency, is not subject to the disclosure requirements. Civil L.R. 3-15(a).

20. Professional Conduct

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

DATED:      September 5, 2019

Respectfully Submitted,

/s/ *Seth L. Johnson*
SETH L. JOHNSON, *Pro Hac Vice*
ISABEL SEGARRA TREVINO, *Pro Hac Vice*
Earthjustice
1625 Massachusetts Ave., NW, Ste. 702
Washington, DC 20036
sjohnson@earthjustice.org
isegarra@earthjustice.org
Tel: 202-667-4500/Fax: 202-667-2356

PAUL R. CORT, State Bar No. 184336
Earthjustice
50 California Street
San Francisco, CA 94111
pcort@earthjustice.org
Tel: 415-217-2000/Fax: 415-217-2040

*Counsel for Plaintiffs Center for Biological Diversity and Sierra Club*

*/s/ Brandon N. Adkins*
Brandon N. Adkins
United States Department of Justice
Environment & Natural Resources Division
P.O. Box 7611
Washington, D.C. 20044
Tel: (202) 616-9174
Fax: (202) 514-8865
Email: brandon.adkins@usdoj.gov

*Counsel for Defendant Andrew R. Wheeler*

**CASE MANAGEMENT ORDER**

The above **JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER** is approved as the Case Management Order for this case, and all parties shall comply with its provisions.

**IT IS SO ORDERED**.

Dated:

HON. RICHARD SEEBORG

UNITED STATES DISTRICT JUDGE